IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL ALLEN SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1395-SLR |
| ) | |
| DOLLAR GENERAL CORPORATION, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**DEFENDANTS' ANSWER AND ADDITIONAL
DEFENSES TO SECOND AMENDED COMPLAINT**

COMES NOW Dollar General Corporation and Dolgencorp, Inc., Defendants in the above action, and through undersigned counsel, files this Answer and Additional Defenses to Second Amended Complaint.

1. Admitted that this is an action brought pursuant to the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1981 for race discrimination and also brought pursuant to the common law of Delaware asserting a claim of "fair dealing." Denied that Plaintiff is entitled to any relief under those or any other laws. As to the allegation that the Plaintiff is a citizen of Delaware, Defendants are without sufficient information to either admit or deny the truth of this allegation, and it is therefore denied.

2. Admitted that, given the claims that Plaintiff is asserting, jurisdiction is proper in this Court. Denied that Plaintiff's claims have merit.

3. Denied that Plaintiff was ever employed by Dollar General Corporation. Admitted that Plaintiff was employed by a subsidiary of Dollar General Corporation, Dolgencorp, Inc. Denied that Plaintiff was an "agent" of Dollar General Corporation. Admitted that for some purposes Plaintiff was an "agent" of Dolgencorp, Inc., but that Plaintiff exceeded the scope of his agency through his improper actions.

4.  Admitted that Plaintiff was the Store Manger of a Dolgencorp, Inc., store in or near Dover, Delaware. Defendant is without sufficient information to either admit or deny the allegation that "the customer base was primarily African-American," and the same is therefore denied.

5.  Admitted that Plaintiff is Caucasian. Admitted that Plaintiff was hired November 1, 2002, and was discharged on or about February 26, 2003. Denied that he was a Store Manager during all this time. Admitted he was a Store Manager at the time of his termination.

6.  The allegations in Paragraph No. 6 are denied.

7.  The allegations in Paragraph No. 7 are denied.

8.  The allegations in Paragraph No. 8 are denied.

9.  Defendants are without sufficient information to either admit or deny the allegations in Paragraph No. 9, and they are therefore denied.

10. Denied that Defendants took no steps to address the Plaintiff's allegations. Denied further that Defendants accused Plaintiff of having a "negative racial attitude toward customers." Admitted Plaintiff behaved inappropriately toward customers and employees. Denied that Defendants "made [Plaintiff's] job more difficult by making unreasonable demands of him."

11. Admitted that Plaintiff was terminated for improper conduct toward customers and employees and because of inadequate performance. The remainder of the allegations in Paragraph No. 11 are denied.

WP3:1100847.1    063717.1002

12. The meaning of the phrase, "Plaintiff also contacted the Human Relations office of the Defendant without success," is ambiguous, and Defendants are unable to ascertain the meaning of this phrase. To the extent that this phrase imputes any improper conduct, it is denied.

13. Admitted that Plaintiff filed discrimination charges with the State of Delaware and the Equal Employment Opportunity Commission (EEOC).

14. Admitted that the Delaware Department of Labor made a finding of probable cause. Denied that any such finding is attached to the Complaint as Exhibit 1.

15. Admitted that the EEOC issued a Notice of Right to Sue on July 29, 2004.

16. The allegations in Paragraph No. 16 are denied.

17. Defendants are without sufficient information to admit or deny that he was out of work for a month and that allegation is therefore denied. The remaining allegations in Paragraph No. 17 are denied.

18. The allegations in Paragraph No. 18 are denied.

Further, as to each claim of relief, it is denied that any relief is owing.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred because they involve transactions or events or seek damages for periods of time outside the applicable statutory limitation periods for filing administrative charges or commencing this lawsuit.

## THIRD ADDITIONAL DEFENSE

This Court lacks jurisdiction over all acts or omissions complained of in this action which the Plaintiff has not made the subject matter of a timely civil action.

## FOURTH ADDITIONAL DEFENSE

Any claims relating to persons or matters which were not made the subject of a timely charge of discrimination or not investigated or conciliated by the relevant human rights agency are barred.

## FIFTH ADDITIONAL DEFENSE

Plaintiff claims are barred to the extent that he failed to fully exhaust his administrative remedies.

## SIXTH ADDITIONAL DEFENSE

Defendants are insulated from liability for alleged discrimination and/or harassment to the extent that such claims are raised in this case because Defendants adopted and enforced an anti-discrimination/no-harassment policy, and Defendants neither knew nor had any reason to know of the alleged acts or omissions complained of in this case.

WP3:1100847.1                                                                                                   063717.1002

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's discrimination and/or harassment claims are barred in whole or in part because Defendants exercised reasonable care to prevent and correct any alleged discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or to otherwise avoid harm.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that the alleged acts are, in whole or in part, outside the scope of employment. Plaintiff's claims are further barred because Defendants neither ratified nor authorized any alleged misconduct.

### NINTH ADDITIONAL DEFENSE

While Defendants expressly deny any wrongdoing on the part of its employees, any acts which may be found to violate Title VII or Delaware state law were not known nor should have been known by Defendants.

### TENTH ADDITIONAL DEFENSE

Plaintiff's claims may be barred by the doctrine of estoppel, unclean hands, and latches.

### ELEVENTH ADDITIONAL DEFENSE

Defendant Dollar General Corporation was not Plaintiff's employer.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims concerning the alleged misconduct would not be considered offensive by a reasonable person.

### THIRTEENTH ADDITIONAL DEFENSE

To the extent Plaintiff seeks punitive damages, such damages are barred because the alleged acts or omissions of Defendants fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff his protected rights, and are not so wanton or willful as to support an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

### FOURTEENTH ADDITIONAL DEFENSE

Defendants contend that no discriminatory employment decisions were made in this case. Defendants may not be held vicariously liable for punitive damages under Title VII or Delaware law based on unlawful employment decisions made by its managerial agents, if any are proven, because any such unlawful decisions were contrary to Defendants' policies and good faith efforts to comply with Title VII and applicable Delaware laws.

### FIFTEENTH ADDITIONAL DEFENSE

Any award of punitive damages to Plaintiff will violate substantive and procedural safeguards guaranteed by the Delaware and United States Constitutions. Any punitive damages award is therefore barred.

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff is not entitled to a jury trial as to any equitable issue raised in his Complaint.

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's damages are eliminated or reduced to the extent that after-acquired evidence shows Plaintiff's improper actions.

### EIGHTEENTH ADDITIONAL DEFENSE

Plaintiff's claims for emotional and/or personal injury are barred by the exclusive remedies of the Delaware Workers' Compensation Act.

### NINETEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by his failure to report alleged acts of race-based harassment to a representative of Defendants.

### TWENTIETH ADDITIONAL DEFENSE

Defendants aver that its acts, if any, in reference to the matters and things alleged in the Complaint were based on legitimate, non-discriminatory business motivations.

### TWENTY-FIRST ADDITIONAL DEFENSE

Defendants aver that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile working environment.

### TWENTY-SECOND ADDITIONAL DEFENSE

Defendants aver that it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

### TWENTY-THIRD ADDITIONAL DEFENSE

Defendants aver that its acts, if any, in reference to the matters and things alleged in the Complaint were unintentional so as to bar or reduce recovery herein.

WP3:1100847 1                                                                                              063717.1002

### TWENTY-FOURTH ADDITIONAL DEFENSE

Defendants aver that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, its actions were neither the cause in fact nor the proximate cause of Plaintiff's injuries.

### TWENTY-FIFTH ADDITIONAL DEFENSE

Defendants aver that in the event any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Defendants took prompt and effective action to remedy any such actions and have no liability for them.

### TWENTY-SIXTH ADDITIONAL DEFENSE

With regard to Plaintiff's damages under Title VII, Defendants aver that such damages are barred to the extent that they exceed the $300,000 maximum in 42 U.S.C. § 1981(a).

### TWENTY-SEVENTH ADDITIONAL DEFENSE

Defendants avers that if Plaintiff suffered any injury or damage, as alleged, to be alleged, or otherwise, then in that event, said injury or damage was proximately caused or contributed to by Plaintiff's own conduct, including, but not limited to, carelessness, recklessness, consent, comparative negligence and/or breach of contract, covenants and conditions on his part to be performed, thereby reducing or barring his claims against Defendants.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

Defendants avers that Plaintiff failed to mitigate his damages, if any.

## TWENTY-NINTH ADDITIONAL DEFENSE

Defendants avers that any back pay amounts alleged owed to Plaintiff must be offset by Plaintiff's interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

## THIRTIETH ADDITIONAL DEFENSE

Plaintiff's claims are barred for insufficiency of service of process.

## THIRTY-FIRST ADDITIONAL DEFENSE

Under 19 Del. C. § 712 (b), Chapter Seven of the Delaware Code provides the sole and exclusive remedy for employment discrimination claims.

YOUNG CONWAY STARGATT & TAYLOR LLP

/s/ Adria B. Martinelli
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6613
Facsimile: (302) 576-3314
Email: amartinelli@ycst.com
Attorneys for Defendants
DOLLAR GENERAL CORPORATION
and DOLGENCORP, INC.

OF COUNSEL:
Anderson Scott, Esquire (Georgia Bar I.D. 631940)
Fisher & Phillips LLP
945 East Paces Ferry Road, Suite 1500
Atlanta, GA 30327
Telephone: (404) 240-4289
Facsimile: (404) 240-4249

DATED:   April 7, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL ALLEN SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1395-SLR |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Adria B. Martinelli, Esquire, hereby certify that on April 7, 2005, I electronically filed a true and correct copy of the foregoing **Answer and Additional Defenses to Second Amended Complaint** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

John S. Grady, Esquire
Grady and Hampton, LLC
6 North Bradford Street
Dover, DE 19904

YOUNG CONWAY STARGATT & TAYLOR LLP

/s/ Adria B. Martinelli
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6613
Facsimile: (302) 576-3314
Email: amartinelli@ycst.com
Attorneys for Defendants
DOLLAR GENERAL CORPORATION
and DOLGENCORP, INC.